UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:03CV-00072-ERG

EDNA WADE AGEE, an Individual,
and JARED E. SHAFER, as Personal
Representative of the Estate of Ottie L. Wade                    PLAINTIFFS

VS.

ANDREA DENISE MANNING AMOS
and ANDREW MADISON MANNING                                       DEFENDANTS

<u>MEMORANDUM OPINION</u>

Before the Court is Plaintiff Edna Wade Agee's Motion for Leave to File Third Amended Complaint (DN 51), Defendants' Response (DN 55) objecting, and Plaintiff's Reply (DN 56). The matter is ripe for ruling.

Pursuant to Fed.R.Civ.P. 15(a) leave to amend a complaint shall be freely granted when justice so requires. However, a motion to amend should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. <u>Crawford v. Roane</u>, 53 F.3d 750, 753 (6th Cir. 1995) (citations omitted). The decision whether to grant a motion for leave to amend a complaint is within the sound discretion of the Court. <u>Crawford</u>, 53 F.3d at 753 (citations omitted).

Plaintiff Edna Agee's tendered Third Amended Complaint seeks to add Wade Manning and [Jane and John] DOES I through X as additional party Defendants. It is alleged Wade Manning is the brother of Andrea Amos (and the grandson of Edna Agee) and that he participated

with Andrea Amos and Andrew (Buddy) Manning, his father, in looting the Ottie Wade Estate, both prior to and following her death. The [Jane and John] DOES I through X are alleged to be other unknown participants in the grand scheme and conspiracy to loot the assets of Ottie Wade both prior to and following her death.

The Third Amended Complaint reiterates the "conversion" claims of the first and second complaints, and seeks to add two causes of action allegedly arising under the Nevada Racketeering Act (Nevada RICO), NRS 207, et seq. The salient facts giving rise to the Nevada Rico claims are the same facts giving rise to Plaintiff's common law cause of action for conversion, that is, that all Defendants participated in a common endeavor to steal the assets of Ottie Wade both prior to and following her death.

Plaintiff Agee claims the wrongful and premeditated acts of all Defendants "...purposely deny rightful heirs [including Ms. Agee]...their inheritance [from the Estate of Ottie Wade]." See tendered Third Amended Complaint, para. 24 and 31.

The Court has this day granted summary judgment to Defendants on Plaintiff Agee's claims against Amos and Andrew Manning for conversion. The rationale for this Court's decision is set forth in its Memorandum Opinion, and the same reasoning applies to any claim for conversion Plaintiff Agee might assert against Wade Manning and DOES I through X, that is, such an action does not lie.

The Court turns to the only remaining issue, whether Edna Agee has standing to assert a Nevada Rico claim against any one of the Defendants herein based on the allegations of the Third Amended Complaint. To recover under Nevada RICO, as well as federal RICO laws, "...not only must the plaintiff's injury flow from a predicate act, but the plaintiff must show that the

defendant's RICO violation proximately caused the plaintiff's injury." Allum v. Valley Bank of Nevada, 109 Nev. 280, 849 P.2d 297 at 300 (1993). The court in Allum noted that Nevada RICO laws were patterned after federal RICO statutes, and applied the "proximate cause" analysis of the Supreme Court in Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992). Allum, 849 P.2d at 301.

>The Holmes court held:

>"...that RICO contains a proximate cause requirement mirroring that of the Sherman and Clayton Acts. This requirement forces the plaintiff to demonstrate a direct relation between the injury and the alleged injurious conduct. Thus, the concept of direct injury refers to the relationship between the injury and the defendants' actions, not the plaintiffs' pocketbooks."

Firestone v. Galbreath, 976 F.2d 279 at 285 (6th Cir. 1992).

>Firestone, is directly in point here. This case involved certain grandchildren heirs of Dorothy Bryan Firestone Galbreath, herself an heir to the Firestone fortune, bringing an action against other family members accusing them of looting Dorothy Galbreath's estate as she lay dying. Among the various causes of action asserted were federal RICO claims.

>The trial court dismissed the RICO claims and the Sixth Circuit Court of Appeals affirmed holding:

>"The Grandchildren allege that by stealing from their grandmother during her lifetime, the defendants decreased the size of Dorothy Galbreath's estate, and consequently the size of their inheritance. This is only an indirect injury because any harm to the Grandchildren flows merely from the misfortunes allegedly visited upon Dorothy Galbreath by the defendants. *See* Holmes, 503 U.S. at —, 112 S.Ct. at 1318. The estate suffered the direct harm; it, not the Family Trust, lost the property. Consequently, the Grandchildren lack standing to bring an individual RICO claim, and the district court correctly dismissed it."

Firestone, supra, at 285.

The circumstances are no different here. Nevada law is in accord. As explained in this Court's ruling on motion for summary judgment, "[i]f it is true that Andrea Amos and her father, Andrew Manning, misappropriated assets of the Estate of Ottie Wade, it is the Estate that suffered the direct injury...", not Edna Agee. Thus, Edna Agee lacks the standing necessary to bring Nevada RICO claims against any of the Defendants herein.

In sum, Edna Agee's Motion for Leave to File a Third Amended Complaint must be denied because the proposed amendments would be futile.

Copies:     Counsel